United States District Court
Southern District of Texas
**ENTERED**
August 28, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RAUL GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00097 |
| | § | |
| CAVAZOS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CASE FOR FAILURE TO PROSECUTE**

Plaintiff Raul Gonzalez, a Texas inmate confined at the Austin Transitional Center in Del Valle, Texas, filed this prisoner civil rights action on April 3, 2023.

On April 14, 2023, the undersigned issued an Order regarding the initial partial filing fee and collection of such. On April 26, 2023, the undersigned entered an Order directing Plaintiff to file a more definite statement on or before May 30, 2023. (D.E. 9). Plaintiff was warned that failure to comply with the Order for more definite statement in a timely manner may result in his case being dismissed for want of prosecution. (*Id.*).

On June 12, 2023, Plaintiff filed a motion for an extension of time to file his more definite statement. (D.E. 14). On the same day, the undersigned granted the motion for extension, making Plaintiff's new deadline to file his more definite statement June 30, 2023. (D.E. 15).

On July 24, 2023, the undersigned ordered Plaintiff to show cause on or before August 13, 2023 why his civil rights action should not be dismissed for want of prosecution. (D.E. 16). The undersigned instructed Plaintiff that he could successfully show cause "by submitting a more definite statement as previously Ordered." (*Id.* at 2). Plaintiff was warned that his failure to comply with the July 24 Show Cause Order would result in a recommendation to the District Court that this action be dismissed. (*Id.*).

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute). To date, Plaintiff has not responded to the July 24 Show Cause Order. Plaintiff has failed to follow court orders and submit a more definite statement. Dismissal is therefore warranted under these circumstances.

Accordingly, it is respectfully recommended that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b).

Respectfully submitted on August 28, 2023.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).